UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SYNTAX-BRILLIAN CORPORATION, *et al.*,[1] | Case No. 08-11407 (BLS) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: December 1, 2008 at 4:00 p.m.<br>Hearing Date: December 8, 2008 at 11:00 a.m. |

## APPLICATION OF THE DEBTORS FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF HURON CONSULTING SERVICES LLC AS FORENSIC ACCOUNTANTS TO THE DEBTORS, *NUNC PRO TUNC* AS OF THE PETITION DATE

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") submit this application (the "**Application**") requesting entry of an order: (a) authorizing the employment and retention of Huron Consulting Services LLC ("**Huron**") as forensic accountants to the Debtors, *nunc pro tunc* as of the Petition Date (as defined below), pursuant to Sections 327(a) and 328(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and (b) providing any additional relief required in order to effectuate the foregoing. In support hereof, the Debtors submit the affidavit of Jeffery Szafran (the "**Szafran Affidavit**") attached hereto as **Exhibit "A"** and incorporated herein by reference. In further support of this Application, the Debtors respectfully state as follows:

---

[1] The Debtors are the following entities: Syntax-Brillian Corporation, Syntax-Brillian SPE, Inc., and Syntax Groups Corporation.

## Status of the Case and Jurisdiction

1. On July 8, 2008 (the "**Petition Date**"), the Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 the Bankruptcy Code.

2. The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. On July 16, 2008, an official committee of unsecured creditors was appointed in these cases (the "**Committee**"). On September 2, 2008, an examiner was appointed in this case pursuant to an order entered by the Court on August 25, 2008.

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is core within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicates for the relief requested herein are Sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## Background

6. A detailed factual background of the Debtors' businesses and operations, as well as the commencement of these Chapter 11 cases, is more fully set forth in the *Declaration of Gregory F. Rayburn in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**Rayburn Declaration**") filed on the Petition Date and incorporated herein by reference.

## Relief Requested

7. By this Application, the Debtors seek to employ and retain Huron as forensic accountant to the Debtors. Accordingly, the Debtors request entry of an order pursuant to

Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing them to employ and retain Huron, *nunc pro tunc* as of the Petition Date, pursuant to the terms and conditions set forth in this Application and in the Engagement Agreement between Huron and the Debtors (the "**Engagement Agreement**"), a true and correct copy of which is attached hereto as **Exhibit "B"** and incorporated herein by reference.[2]

1. Huron is a multi-discipline consulting firm with practices in areas including bankruptcy, financial restructuring, advisory, valuation and litigation-related services for public and private companies, lenders, creditors, equity holders and impartial constituents (such as examiners or trustees).

2. Huron's typical engagements include providing restructuring and turnaround services to companies and lenders; performing financial investigations, litigation analysis, expert testimony and forensic accounting for attorneys; and providing strategic planning, operational consulting, strategic sourcing and organizational and technology assessments in a variety of industries, including manufacturing, transportation, healthcare, higher education, legal, consumer products and energy.

8. Huron's employees have been leading forensic accountants to debtors, secured and unsecured creditors, acquirers, and other parties-in-interest involved in financially troubled companies both in and outside bankruptcy. Through its role in these and other restructuring engagements, the Huron team has developed considerable expertise in many of the issues that will be presented in this engagement.

---

[2] All terms not otherwise defined herein have the meaning ascribed to them in the Engagement Agreement. To the extent there is any inconsistency between this Application and the Engagement Agreement, the terms of the Engagement Agreement will control.

## Scope of Employment

9. As set forth in the Szafran Affidavit and the Engagement Agreement, the Debtors retained Huron to perform forensic accounting services as requested from time to time by counsel to the Debtors. Subject to this Court's approval of this Application, Huron has indicated that it is willing to serve as forensic accountant to the Debtors in these Chapter 11 cases to perform such services. Forensic accounting services have been required in connection with the Debtors' internal investigation conducted to date.

10. Additionally, the Debtors have requested, and Huron proposed to render the following services to the Debtors during these Chapter 11 cases:

   a. Assist counsel in developing factual information, accounting expertise, and financial analyses related to certain independent audit committee investigations detailed in the Rayburn Declaration; and

   b. Other services as may be reasonably requested in writing from time to time by the Debtors and agreed to by Huron.

## Huron's Disinterestedness

11. As set forth in greater detail in the Szafran Affidavit, Huron has completed a conflicts check that compares certain Potentially Interested Parties (as defined in the Szafran Affidavit) against a list of Huron's current and former clients.

12. To the best of the Debtors' knowledge, based upon the Szafran Affidavit and except as otherwise set forth therein, Huron (a) does not hold or represent any interest adverse to the Debtors or their Chapter 11 estates, their creditors, or any other party-in-interest, and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. As disclosed in the Szafran Affidavit, because Huron is a large firm with an international practice, the Debtors are aware that Huron may currently represent, or may have represented in the past, or may have other connections with, certain creditors of the Debtors' estates or other parties-in-

interest in these cases in matters unrelated to the Debtors or these Chapter 11 cases. Huron has informed the Debtors that none of Huron's representations of creditors or parties-in-interest in these Chapter 11 cases comprise a material component of Huron's practice.

13. Huron solicited information from its professionals to determine if any professionals employed by Huron are related to the Honorable Bankruptcy Judge presiding over these Chapter 11 cases, the United States Trustee for Region 3, or any person employed in the Wilmington Office of the United States Trustee. Huron has solicited information to determine if any professionals are equity security holders of any of the Debtors. No such connections have yet been discovered. In the event that any additional information is discovered by Huron, Huron will supplement the Szafran Affidavit to the extent necessary.

## Professional Compensation

14. Huron bills on an hourly basis based on the actual hours worked. Huron's current customary hourly rates, subject to change from time to time, typically range from $230 to $695 per hour. In the normal course of business, Huron revises its regular hourly rates on January 1 of each year and requests, effective January 1 of each year, the aforementioned rates to be revised to the regular hourly rates which may be in effect at that time.

15. In addition to the fees that are or may be payable to Huron under the Engagement Agreement, Huron's reasonable out-of-pocket expenses incurred in connection with its activities under the Engagement Agreement will be payable by the Debtors on a monthly basis. Such expenses may include, but are not limited to: transportation, lodging, meals, communications, supplies and copying.

16. The overall compensation structure described above is comparable to compensation generally charged by forensic accounting firms of similar stature to Huron for comparable engagements, both in and out of court.

17. Huron will apply for compensation for professional services rendered in these cases in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court.

### Request for Approval of Retention of Huron, *Nunc Pro Tunc* to Petition Date

18. The Debtors request that Huron's retention be made effective, *nunc pro tunc* as of the Petition Date, in order to allow Huron to be compensated for the work it has performed for the Debtors following the Petition Date, but prior to the Court's consideration of this Application. Following the filing of these Chapter 11 cases, Huron continued to assist with a variety of urgent matters.

19. Huron originally filed its *Disclosure Affidavit of Ordinary Course Professional*, dated September 4, 2008, in accordance with the regime applicable to ordinary course professionals in these cases. However, upon discussion with the Office of the United States Trustee, and its request of the Debtors, this Application and the Szafran Affidavit are now filed in lieu of the ordinary course affidavit. Thus, there was no delay on the part of Huron to seek prompt retention herein. The Debtors submit that under the circumstances, given Huron's prior affidavit filed herein, retroactive approval to the Petition Date is warranted. *See, e.g., F/S Airlease II, Inc. v. Simon (In re F/S Airlease II, Inc.)*, 844 F.2d 99, 103 (3d Cir. 1988), *cert. denied*, 488 U.S. 852 (1988); *Indian River Homes, Inc. v. Sussex Trust Co.*, 108 B.R. 46, 51 (D. Del. 1989) (approval of debtor's employment of attorney and real estate agent as of a prior date was not an abuse of discretion). For the reasons set forth in this paragraph, the Office of the

United States Trustee has indicated that it consents to the *nunc pro tunc* approval sought in this Application.

### Notice

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtors' pre-petition secured lenders; (c) counsel to the Debtors' post-petition secured lenders; (d) counsel for the Committee; (e) all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002; (f) the Office of the United States Attorney General for the District of Delaware; (g) the Internal Revenue Service; and (h) the Securities and Exchange Commission; The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21. Except as set forth herein, no prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an order granting the relief requested herein and that it grant the Debtors such other and further relief as is just and proper.

Dated: November 11, 2008

SYNTAX-BRILLIAN CORPORATION, *et al.*,
Debtors and Debtors-in-Possession

*/s/ Gregory F. Rayburn*
Gregory F. Rayburn
Chief Executive Officer