UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SYNTAX-BRILLIAN CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-11407 (BLS)<br><br>(Jointly Administered) |

## OMNIBUS OBJECTION OF DEBTORS TO THE ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

The above-captioned debtors and debtors in possession (collectively, the **"Debtors"**) by and through their undersigned counsel, pursuant to 11 U.S.C. § 502(b) and 503(b), Rule 3007 of the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, hereby submit this objection (the **"Objection"**) to certain requests for the allowance and payment of administrative expense claims that have been filed in these chapter 11 cases (the **"Requests"**) as set forth on the chart attached hereto as **Exhibit "A"**. In support of this Omnibus Objection, the Debtors submit the Declaration of Mary Ann Kaptain in Support of the Omnibus Objection of Debtors to Allowance and Payment of Administrative Expense Claims (the **"Declaration"**) and respectfully state as follows:

### Background

1. Syntax-Brillian Corporation (**"SBC"**) was a public entity incorporated in Delaware with offices in Tempe, Arizona, and City of Industry, California. SBC and its affiliated Debtors, Syntax-Brillian SPE, Inc. and Syntax Groups Corporation, were leading

---

[1] The Debtors are the following entities: Syntax-Brillian Corporation, Syntax-Brillian SPE, Inc., and Syntax Groups Corporation.

designers, developers, and distributors of high-definition televisions (HDTVs) utilizing liquid crystal display (LCD) and, formerly, liquid crystal on silicon (LCoS) technologies. The Debtors sold their HDTVs to big box and discount retailers under the Olevia brand name.

2. On July 8, 2008 (the **"Petition Date"**), the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**).

3. On January 16, 2009, the Debtors filed their joint plan and disclosure statement which provide for a wind-up of the Debtors' estates and on March 11, 2009, the Debtors filed their second amended joint plan (the **"Plan"**) and second amended disclosure statement. On March 12, 2009, the Court entered the Order (I) Approving the Disclosure Statement; (II) Approving Notice Of The Hearing On The Disclosure Statement; (III) Establishing Procedures For Solicitation And Tabulation Of Votes To Accept Or Reject The Plan, Including (A) Approving The Form And Manner Of Solicitation Packages; (B) Approving The Form And Manner Of Notice Of The Confirmation Hearing; (C) Establishing Record Date And Approving Procedures For Distribution Of Solicitation Packages; (D) Approving Forms Of Ballots; (E) Establishing Deadline For Receipt Of Ballots; And (F) Approving Procedures For Vote Tabulations; (IV) Establishing Deadline And Procedures For Filing Objections To Confirmation Of The Plan; And (V) Granting Related Relief [Docket No. 1020].

## Jurisdiction and Venue

4. This Court has jurisdiction to entertain this Objection pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is Sections 503(b) of the Bankruptcy Code and Rule 3007 of the Federal Rules of Bankruptcy Procedure.

2

### Bar Date and Proofs of Claim

5. By amended Order dated August 4, 2008 [Docket No. 168], this Court established September 8, 2008 at 5:00 p.m. (Eastern Time) (the **"Bar Date"**) as the deadline (i) for creditors to file proofs of claim for each claim they assert against the Debtors that arose before the Petition Date and (ii) for creditors to file requests for allowance and payment of administrative expenses arising after the Petition Date. Notice of the Bar Date was mailed to all known creditors of the Debtors and published in (i) The Wall Street Journal, (ii) The Wall Street Journal International Edition and (iii) The Financial Times.

6. By further Order dated March 6, 2009, this Court established April 10, 2009 at 5:00 pm. (Eastern Time) (the **"Extended Administrative Claims Bar Date"**) as the deadline for creditors to file requests for payment of administrative expenses against the Debtors' estates that were incurred between September 8, 2008 and April 10, 2009. Notice of the Extended Administrative Claims Bar Date was mailed to all known creditors of the Debtors.

### Overview of the Objections

7. The Debtors have received several Requests for payment of administrative expense claims. The Debtors have already resolved many of these Requests. As discussed in further detail below and in the chart annexed hereto as **Exhibit "A"**, all of the remaining Requests that have not been resolved are without merit, overstated, or otherwise not appropriate to be paid at this time and should be denied, reduced or otherwise treated as set forth on **Exhibit "A"**.

8. The Requests generally fall into three categories. First, certain parties have requested allowance and payment of administrative expense claims on the grounds that they have

satisfied the requirements set forth in section 503(b), through incurring "actual, necessary" expenses in connection with the administration of these chapter 11 cases.

9. Second, certain Requests are raised on account of the claimant's ownership of an equity interest in the Debtors. These Requests should simply be reclassified as such on the books and records' of the Debtors' claims agent rather than as administrative expense claims. They may be subject to further or other objection on other grounds and the Debtors reserve their rights and the rights of all parties-in-interest, including any Liquidating Trustee or Lender Trustee, to do so. Furthermore, certain of these equity holders allege that they have provided a "substantial contribution" to the chapter 11 cases that they claim warrants administrative expense priority. Such allegations are entirely unfounded in law or in fact, as more fully set forth on **Exhibit "A"**.

10. Third, certain Requests were filed prior to the resolution of the claim underlying such Request and as a result are duplicative of and/or inconsistent with the applicable resolution. With respect to this category of Requests, the claimants' claims have already been resolved and their merits need not be addressed in this Objection. Rather, they should be treated as set forth in the document or agreement which memorializes the superseding treatment of their claim.

## Argument

### I. The Pending Requests Should be Treated as Set Forth on Exhibit "A" Hereto

11. The Debtors and their consultants have engaged in an extensive review of the books and records of the Debtors from both a legal and a business perspective to determine their outstanding obligations with respect to the payment of administrative expense claims. In connection therewith, the Debtors have resolved a number of Requests and are working towards the resolution of the remaining Requests. To the extent that a Request which is entitled to

4

administrative expense priority is timely filed and subsequently allowed, the Debtors seek authority to make payment on such claims upon the effective date of the Plan and as set forth in the Plan. The Debtors respectfully request that the Court treat the Requests as set forth below.

### A. Certain Requests do Not Comply with the Standards for Administrative Expense Priority and Should be Denied as Set Forth on <u>Exhibit "A"</u>

12. Section 503(b)(1)(A) of the Bankruptcy Code provides that administrative expenses include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C.A. § 503(b)(1)(A). In order to hold administrative expenses to a minimum and to maximize the value of the bankruptcy estate, section 503(b) is narrowly construed. <u>In re Bernard Technologies, Inc.</u>, 342 B.R. 174, 177 (Bankr. D. Del. 2006).

13. To be classified an administrative expense, the claimant must show that the debt asserted: (1) arose from a transaction with the trustee or debtor-in-possession as opposed to the preceding entity; and (2) directly and substantially benefited the estate. <u>Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)</u>, 181 F.3d 527, 532-533 (3d Cir. 1999); <u>In re Unidigital, Inc.</u>, 262 B.R. 283, 288 (Bankr. D. Del. 2001). A claimant seeking an administrative expense claim must demonstrate and bears the burden to demonstrate that "the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets." <u>In re Summit Metals, Inc.</u>, 379 B.R. 40, 57 (Bankr. D. Del. 2007). Certain parties asserting the Pending Requests have failed to satisfy their burden as set forth more fully on **Exhibit "A"** attached hereto.

14. The timing of payment of an administrative expense claim is at the sound discretion of the court. <u>In re Chips & Twigs, Inc.</u>, 58 B.R. 109, 110-11 (Bankr. E.D. Pa. 1986).

Most courts postpone actual payment (despite earlier allowance) until confirmation of a plan. See, e.g., In re Cardinal Indus., Inc., 109 B.R. 738 (Bankr. S.D. Ohio 1989) (payment of post-rejection rent claims and all other administrative claims should be deferred to confirmation); In re Budget Uniform, Inc., 71 B.R. 652, 654 (Bankr. E.D. Pa 1987) (administrative claims "must wait for confirmation of a plan before becoming entitled to payment"). To qualify for exceptional immediate payment, a creditor must show that "there is a necessity to pay and not merely that the Debtor has the ability to pay." In re Ionosphere Clubs, Inc., 98 B.R. 174, 178-79 (Bankr. S.D.N.Y. 1989). The holders of the Requests have not shown they are entitled to immediate payment ahead of other administrative claimants.

15. There is no reason to disrupt the final stages of these cases to require payment to certain holders of allowed administrative expense claims prior to the anticipated effective date of the Plan. Doing so would run contrary to the goal of equality amongst the creditors. Rather, it is more appropriate that all administrative creditors be required to wait until the Plan has been confirmed and goes effective before payments are made.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court treat the Requests as set forth on **Exhibit "A"** and grant the Debtors such other and further relief as is just and proper.

[Signature on next page]

Dated: April 22, 2009								GREENBERG TRAURIG, LLP

*[signature]*

Victoria W. Counihan (DE Bar No. 3488)
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: counihanv@gtlaw.com
         melorod@gtlaw.com

-and-

Nancy A. Mitchell
Allen G. Kadish
John W. Weiss (DE Bar No. 4160)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mitchelln@gtlaw.com
         kadisha@gtlaw.com
         weissjw@gtlaw.com

*Counsel for the Debtors and Debtors-in-Possession*