# EXHIBIT A

## Administrative Expense Claims Objections Chart

| Claim/Docket Number | Claimant Name | Amount of Claim | Basis for Objection | Proposed Allowed Amount of Administrative Claim |
|---|---|---|---|---|
| Claim No. 1823 (amending Claims No. 1333 and 1650) / Docket No. 1175 | Thomson Licensing LLC | $1,807,987.55 | On April 10, 2009, Thomson Licensing LLC ("Thomson") filed a Request seeking allowance and payment of an administrative expense claim on account of patent royalty payments claimed to be due pursuant to a license agreement between Debtor SBC and Thomson. In its Request, Thomson indicated that, because royalty payments are calculated based upon actual sales for which it did not have information, it estimated the amount of its claim based on sales in 2007 and industry projections. The Debtors believe that Thomson's estimates are unduly high and should be reduced in accordance with Debtors' books and records.<br><br>Specifically, based on actual sales in the third quarter 2008, Thomson is entitled to allowance of an administrative expense claim on account of third quarter royalties in the amount of $114,722.50.<br><br>Based on actual sales in the fourth quarter 2008, Thomson is entitled to allowance of an administrative expense claim on account of fourth quarter royalties reduced to $0.00. | $106,553.00 |

| Docket | Claimant | Amount | Description | Allowed |
|---|---|---|---|---|
| | | | In addition the Debtors are entitled to a credit of $8,669.50 based on reconciliation of product returns in the fourth quarter 2008, for a total allowed administrative claim in the amount of $106,053.00. | |
| Docket No. 524, Claim No. 1758 | SRS Labs, Inc. | $270,000.00 | On January 7, 2009, SRS Labs, Inc. ("**SRS**") filed a Request seeking allowance and payment of an administrative expense claim on account of alleged royalty payments due pursuant to a technology license agreement between Debtor SBC and SRS.<br><br>The Debtors object to SRS' Request on grounds that the technology licensed to the Debtors did not provide any benefit to the estates. SRS has not met its burden to demonstrate that the Debtors' estates received a postpetition benefit.<br><br>Specifically, the Debtors have not used the technology rights which were licensed pursuant to the technology license agreement with SRS and never implemented the technology associated therewith. SRS is not therefore entitled to administrative expense claim. | $0.00 |
| Docket No. 1177 (amending Claims No. 1297, 1652) | Oracle USA, Inc. | $412,006.95 | On April 10, 2009, Oracle USA, Inc. ("**Oracle**") filed an amended and supplemental Request seeking allowance and payment of an administrative expense claim on account of post-petition goods and services for software related products and support provided to the Debtors.<br><br>The Debtors agree that Oracle has provided some services to the estates which qualify for payment as an administrative expense; however, after reviewing their | $185,381.90 |

| | | | |
|---|---|---|---|
| | | | books and records, the Debtors submit that Oracle is entitled to allowance of an administrative claim in the reduced amount of $185,381.90. |
| Docket No. 1178 (amending Claim Nos. 1296, 1653) | Oracle USA, Inc. | $121,995.25 | On April 10, 2009, Oracle USA, Inc., successor in interest to Siebel ("**Oracle**") filed an amended and supplemental Request seeking allowance and payment of an administrative expense claim on account of post-petition goods and services for software related products and support provided to the Debtors.<br><br>The Debtors agree that Oracle has provided some services to the estates which qualify for payment as an administrative expense; however, after reviewing their books and records, the Debtors submit that Oracle is entitled to allowance of an administrative claim in the reduced amount of $104,734.50. | $104,734.50 |
| Claim No. 1820 | Gregory Appelhof of Technology Research Group | $164,951.50 | On April 10, 2009, Gregory Appelhof of Technology Research Group ("**Appelhof**") filed Requests for allowance and payment of administrative expense claims stemming from a sales advisory board agreement, dated December 2006, between Appelhof and SBC.<br><br>Claim No. 1820 is comprised of a $60,000 termination fee, compensation for the ninety days prior to the effective date of the termination, and other amounts owed on account of pre-petition claims. These amounts are not entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. The alleged services neither arose from a transaction | $0.00 |

| | | | |
|---|---|---|---|
| | | | with the Debtors as debtors-in-possession nor directly and substantially benefited the Debtors' estates. |
| Claim No. 1821 | Gregory Appelhof of Technology Research Group | $128,759.52 | Claim No. 1821 relates to alleged marketing reimbursement and commissions allegedly owing under a sales advisory board agreement. $0.00

These alleged services did not provide a benefit to the Debtors' estates, nor does Claim No. 1821 provide any evidence of such benefit. As a result, Claim No. 1821 does not satisfy the requirements of section 503(b)(1) of the Bankruptcy Code to be entitled to administrative expense priority and should be disallowed. |
| Claim No. 1806 | TRG of Minnesota, Inc. | $52,003.86 | On February 4, 2009, TRG of Minnesota, Inc. (**"TRG"**) filed a Request for allowance and payment of an administrative claim which is duplicative of the relief requested in the Appelhof Request, and therefore the Debtors object on those grounds. $0.00

This claim is duplicative of Claim No. 1821 filed by Appelhoff which amends and supersedes Claim No. 1806 and should be disallowed. |
| Claims No. 1758, 1814 | State of California Franchise Tax Board | $0.00 | On November 14, 2008 and March 23, 2009, the State of California Franchise Tax Board filed a duplicative Request for allowance and payment of an administrative expense claim in an unspecified amount on account of taxes for the year ending on June 30, 2008. $0.00

The Debtors have filed a tax return for the fiscal year which ending June 30, 2008 and based upon this return, no amount is due and owing pursuant to the Debtors' |

| | | | |
|---|---|---|---|
| Claim No. 1815 | Ohio Department of Taxation | $3,035 | books and records.<br><br>The claim as stated does not support allowance as an administrative claim.<br><br>The franchise tax assessment for 2007 in the amount of $1,535 relates to a pre-petition period and therefore is not entitled to administrative expense status. | $1,500.00 |
| Docket No. 1202 | Ahmed Amr | $66,700 | On April 8, 2009, Ahmed Amr ("**Amr**") filed his Request seeking allowance and payment of an administrative expense in an unspecified amount approximating $66,700 based on an alleged "substantial contribution" to the Debtors' estates within the meaning of section 503(b)(3)(D) of the Bankruptcy Code.<br><br>A party will be deemed to have made a "substantial contribution" to the estate so that they are entitled to have their "actual, necessary expenses" treated as administrative claims within the meaning of § 503(b)(3)(D) because their efforts "resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." Lebron v. Mechem Financial Inc., 27 F.3d 937, 944 (3d Cir. 1994); In re Worldwide Direct, Inc., 334 B.R. 112, 122 (Bankr. D. Del. 2005) (setting forth factors used in determining whether a creditor has met its burden of showing a "substantial contribution").<br><br>In his Request, Amr fails to describe any substantial contribution to the Debtors' estates, or provide any evidence thereof. There has been no benefit to the Debtors and other creditors of the Debtors' estates. The actions of Amr have caused the Debtors to expend significant fees and expenses with no tangible financial | $0.00 |

| Docket No. 1203 | Doug Smith | TBD | return to the shareholders or any other constituency. Accordingly, Amr's request for allowance and payment of an administrative expense should be denied.<br><br>On April 8, 2009, Doug Smith ("**Smith**") filed his Request seeking allowance and payment of an administrative expense in an unspecified amount based on an alleged "substantial contribution" to the Debtors' estates within the meaning of section 503(b)(3)(D) of the Bankruptcy Code.<br><br>A party will be deemed to have made a "substantial contribution" to the estate so that they are entitled to have their "actual, necessary expenses" treated as administrative claims within the meaning of § 503(b)(3)(D) because their efforts "resulted in an actual and demonstrable benefit to the debtor's estate and the creditors." Lebron v. Mechem Financial Inc., 27 F.3d 937, 944 (3d Cir. 1994); In re Worldwide Direct, Inc., 334 B.R. 112, 122 (Bankr. D. Del. 2005) (setting forth factors used in determining whether a creditor has met its burden of showing a "substantial contribution").<br><br>In his Request, Smith fails to describe any substantial contribution to the Debtors' estates, or provide any evidence thereof. There has been no benefit to the Debtors and other creditors of the Debtors' estates. The actions of Smith have caused the Debtors to expend significant fees and expenses with no tangible financial return to the shareholders or any other constituency.<br><br>Accordingly, Smith's request for allowance and payment of an administrative expense should be denied. | $0.00 |

| | | | |
|---|---|---|---|
| Docket No. 1072 | Y.M. Sambray | $1,056.30 | On March 17, 2009, Y.M. Sambray ("**Sambray**") filed a letter asserting a claim on account of Sambray's ownership of an equity interest in the Debtors. Although Sambray's claim itself fails to identify any basis for administrative priority, Sambray did attach the Notice of Deadline for Filing Administrative Expense Requests That Were Incurred Between September 8, 2008 and April 10, 2009. Sambray's claim is a claim based on ownership of an equity interest in the Debtors and simply should be reclassified as such and disallowed as a claim.<br><br>In addition, Sambray's request was not timely filed because it was filed on March 17, 2009, after the Bar Date and Extended Administrative Claims Bar Date. Accordingly, this Request should be disallowed in its entirety. | $0.00 |
| Claim No. 1295 | Solar Link Technologies, Inc. | $65,648.00 | On September 8, 2008 Solar Link Technologies, Inc. ("**Solar Link**") filed the Request, in part seeking allowance and payment of an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code in the amount of $65,648.00.<br><br>Of this amount, $64,152 has been resolved by that certain Order Granting Debtors Motion To Approve Settlement With Solar Link Technologies, Inc. [Docket No. 932] (the "**Solar Link Order**"). This amount relates to purchase order number 602433, with respect to which the Debtors and Solar Link have executed a mutual release of claims as set forth in the Settlement and Release Agreement attached as Exhibit A to the | $0.00 |

| | | | |
|---|---|---|---|
| | | Solar Link Order and accordingly, this portion of Solar Link's administrative claim should be disallowed. With respect to the remaining amount, it appears Solar Link alleges that $1,496 relating to invoice 60987 and purchase order 602507, which is not subject to the Solar Link Order. Presumably, Solar Link is asserting that this amount is entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code on account of goods received by the Debtors within 20 days prior to the Petition Date. Solar Link provides no evidence in its claim to support the delivery of any goods to the Debtors within the 20 days prior to the Petition Date or that such goods were sold to the Debtors in the ordinary course of the Debtors' business as required by section 503(b)(9). Accordingly, this portion of Solar Link's administrative claim should also be disallowed. | |
| Claims No. 1318, 1319 | Majestic Realty Co., Fairway Sub C, LLC | $282,448.32 | Resolved by Order Approving Stipulation Regarding (I) Extension of the Time to Assume or Reject Unexpired Lease of Nonresidential Real Property and (II) Allowance of Administrative Claim With Respect to Certain Leases Between Debtors and Landlord Majestic Realty Co., Fairway Sub C, LLC, and Fairway Sub D, LLC, Nunc Pro Tunc to February 3, 2009. [Docket No. 843]. | $0.00 |
| Claim No. 1343 | National City Vendor Finance | $77,120 | Resolved by Order approving a Stipulation Regarding Motion of National City Vendor Finance, a Division of National City Commercial Capital Company, LLC, Assignee of Oracle Credit Corporation and Oracle USA, Inc., for Entry of Order Granting Allowance and | $0.00 |

| | | | |
|---|---|---|---|
| Docket No. 400 / Claim No. 1654 | National City Vendor Finance | $2,768,534.72 | Payment of Post-Petition Rent as an Administrative Expense, and for Debtors to Immediately Assume or Reject a Certain Unexpired Lease [Docket No. 782], dated January 7, 2009. | |
| | | | Resolved by Order approving a Stipulation Regarding Motion of National City Vendor Finance, a Division of National City Commercial Capital Company, LLC, Assignee of Oracle Credit Corporation and Oracle USA, Inc., for Entry of Order Granting Allowance and Payment of Post-Petition Rent as an Administrative Expense, and for Debtors to Immediately Assume or Reject a Certain Unexpired Lease [Docket No. 782], dated January 7, 2009. | $445,305.80 |